**QIN FEI ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3578–ag.**

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

Peter Lobel, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Ann M. Welhaf, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

38

## SUMMARY ORDER

Petitioner Qin Fei Zheng, a native and citizen of the People's Republic of China, seeks review of the July 26, 2007 order of the BIA denying her motion to reopen. *In re Qin Fei Zheng*, No. A78 731 355 (B.I.A. July 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

An alien may file only one motion to reopen and that motion must be filed no more than 90 days after the entry of a final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A)(C); 8 C.F.R. § 1003.2(c)(2). Zheng's motion to reopen was untimely, and we find no abuse of discretion in the BIA's finding that she did not qualify for an exception to the time limitation based on the alleged ineffective assistance of counsel. *See* 8 C.F.R. § 1003.2(c)(2). In certain circumstances, an alien may toll the applicable time limit by demonstrating ineffective assistance of counsel. *See Iavorski v. INS*, 232 F.3d 124, 126–27 (2d Cir.2000). However, in addition to showing prejudice and complying with the requirements set forth in *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), the alien must show that she exercised due diligence during the period she sought to toll. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007). As we have held, "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless [s]he can affirmatively demonstrate that [s]he exercised reasonable due diligence during the time period sought to be tolled." *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006).

Here, the record supports the BIA's finding that Zheng knew of her prior attorney's ineffective assistance when the IJ issued his decision in April 2001. *See Jian Hua Wang*, 508 F.3d at 715. The transcript of the hearing reveals that after the IJ rendered his decision, he proceeded to address Zheng, through an interpreter, and explain why he was denying her applications for relief. Specifically, the IJ explained to Zheng that he had denied her case in part because her attorney failed to offer her sister as a witness to corroborate her alleged forced abortion in China. In her brief, Zheng asserted that she did not understand the "adverse [e]ffect" of her attorney's actions because he never explained what had happened in her case. However, where the IJ himself told Zheng of her counsel's deficient presentation of evidence, we cannot find that the BIA erred in concluding that Zheng was on notice of the allegedly ineffective assistance as of the date of the IJ's oral decision. *See id.*

Moreover, the BIA properly found that Zheng failed to exercise due diligence from that point until she filed her motion to reopen over six years later. *See Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008); *Cekic*, 435 F.3d at 170. In the absence of any explanation for this delay, other than the unsupported assertion that she did not learn of the ineffectiveness until she retained current counsel, we cannot find that the BIA abused its discretion in finding that Zheng failed to exercise due diligence. *See Jian Hua Wang*, 508 F.3d at 715; *see also Cekic*, 435 F.3d at 171; *Iavorski*, 232 F.3d at 134. Because the BIA's finding that Zheng failed to exercise due diligence is dispositive, we need not reach the BIA's alternative finding that counsel's performance did not result in prejudice. *See Cekic*, 435 F.3d at 170.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).